UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22432-MC-COOKE/TURNOFF

SUNSHINE SHREDDING, LLC., *et al.*,

    Plaintiffs

vs.

PROSHRED FRANCHISING CORP.,

    Defendant.

_____/

### ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA

THIS CASE is before me on Movants' Motion for Protective Order and to Quash Subpoena. (ECF No. 1). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is granted in part.

Movants, Sunshine State Shredding, LLC ("Sunshine"), Willie Earl Williams, Jr., and Sandra Williams, move to quash a subpoena Respondent Proshred Franchising Corp. issued in connection with *Professional Shredding of Wisconsin, et al. v. Proshred Franchising Cor*p., Case No. 10-cv-4757-SHS (S.D.N.Y.) (the "underlying action"). Sunshine is a plaintiff in the underlying action. Mr. Williams, who is a principal of Sunshine, and Mrs. Williams, his wife, are not parties to the underlying action.

In the underlying action, Sunshine asserts causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, violations of the Florida Deceptive and Unfair Trade Practices Act, and violations of the Florida Franchise Act, in connection with a franchise agreement with ProShred. In its Complaint in the underlying action, Sunshine alleges that, on or about June 2007, Mr. Williams met with ProShred representatives to discuss the possibility of obtaining a paper shredding

franchise. (Underlying Am. Compl. ¶¶ 105-116). On August 15, 2007, Mr. Williams entered into a Proshred Franchise Agreement. (Underlying Am. Compl. ¶¶ 118-119). On January 8, 2008, Mr. Williams assigned the agreement to Sunshine. (Underlying Am. Compl. ¶ 120). According to Sunshine, the franchise business subsequently suffered losses, which it attributes to ProShred.

ProShred asserted seven affirmative defenses to the underlying action, two of which are relevant here: (i) Sunshine's damages, if any, were caused solely by the fault or negligence of others outside of ProShred's control; and (ii) Sunshine's damages, if any, are barred by contributory negligence. ProShred also filed a Counterclaim against Sunshine, asserting causes of action for breach of contract and unjust enrichment.

On June 28, 2011, ProShred served a subpoena *duces tecum* on TD Bank, which is the subject of the present motion. The subpoena seeks bank records and other materials related to Mr. Williams and Sunshine. Movants object to Document Request Nos. 2, 3, 5, 6, and 7 on the grounds that they are not limited to any relevant time period, seek information pertaining to Mr. and Mrs. Williams' personal finances (because they hold joint checking and savings accounts with the bank), and are irrelevant to the underlying action.

ProShred argues that part of its defense in the underlying litigation is to show that Sunshine's franchise failed because Mr. Williams failed to properly capitalize the business. According to ProShred, when he applied to obtain a franchise, Mr. Williams indicated that he had sufficient assets to run the business. During discovery, Mr. Williams admitted that part of the money he told ProShred he had to invest in the business was under his wife's name. (W. Williams Dep. 170-177, 277-79). He also admitted to commingling personal and business expenses and payments. (*Id.*) Also during discovery, Mr. Williams' accountant testified that TD Bank held some of the assets that Mr. Williams expected to use to invest in the franchise. (Sharkey Dep. 96-98). Through discovery, ProShred also uncovered an e-mail from Mr. Williams to ProShred, in which

Mr. Williams states that "funds were earmarked to be used for operating capital and/or acquisition of small shredding company that was targeted before start-up." (ECF No. 3-2, at 23).

Under Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The party requesting discovery must demonstrate that the information sought is 'relevant,' as Rule 26 defines the term, and nothing else precludes disclosure." *Capone v. Estate of Ison*, No. 06-80945, 2008 WL 2277507, at *4 (S.D. Fla. May 30, 2008).

Rule 45 provides that, upon a timely motion, the issuing court must quash or modify a subpoena if it requires the disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects the party to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Financial documents are generally considered confidential because they implicate a party's privacy interests. *Solow v. Conseco, Inc.*, No. 06-5988, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008). A subpoena may also be quashed "if it calls for the production of clearly irrelevant matters." *Goulet v. Mederi Caretenders VS of SW FL, LLC*, No. 10-215, 2011 WL 652851, at *1 (M.D. Fla. Feb. 14, 2011).

Further, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1*); In re Glitner banki hf.*, No. 08-14757, 2011 WL 3652764, at *5 (Bankr. S.D.N.Y. Aug. 19, 2011) ("The Court may nevertheless quash or modify a subpoena to protect an individual non-party against the disclosure of personal, private financial information to avoid undue annoyance, embarrassment or oppression."). "The burden is on the party seeking the protective order to demonstrate good cause for its issuance." *Sierra Equity Grp. v. White Oak Equity Partners, LLC,*

672 F. Supp. 2d 1369, 1371 (S.D. Fla. 2009).

The documents ProShred seeks in Request No. 5, which concern Mr. Williams' personal bank accounts, are relevant to its affirmative defenses.[1] Mr. and Mrs. Williams' personal financial information is relevant to whether Sunshine had adequate capital because Mr. Williams admitted to using his personal funds and his wife's funds to invest in Sunshine, and to commingling personal and business funds. *See Bd. of trustees of Trucking Employees of N.J. Welfare Fund, Inc. v. Caliber Auto Transfer, Inc*., No. 09-6447, 2011 WL 2670948, at (D.N.J. Jun. 30, 2011) ("in a case involving allegations of commingling of personal accounts with corporate accounts, as here, it would be improper during the discovery stage to preclude a party from seeking personal financial information that may establish elements to [a party's] claims.").

Requests No. 2 and 3, to the extent that they seek "any and all documents" relating to Mr. Williams, are overly broad. These requests capture a wide range of documents that are confidential and irrelevant to the underlying action. In fact, it is unclear exactly what kinds of documents, aside from account statements, TD Bank could produce pursuant to these requests that would be relevant to the underlying action, and which the request for "any and all documents related to Sunshine" would not otherwise cover. Any marginal relevancy that confidential bank documents relating solely to Mr. and Mrs. Williams may have to the underlying action is outweighed by the sensitive and private nature of such records. *Cf. NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 10-483, 2011 WL 768066, at *2 (M.D. Fla. Feb. 28, 2011); *Solow*, 2008 WL 190240, at **4-5.

Requests No. 6 and 7, to the extent they seek "any and all documents related to loans" provided to, or requested by, Mr. Williams, are overly broad. Whether Mr. Williams, a non-party, took out any personal loans is irrelevant to the claims in the underlying action. The evidence

---

[1] Additionally, Sunshine asserts facts regarding Mr. Williams' involvement in entering into the franchise agreement, and incorporates those facts into each of its counts against ProShred. (Underlying Am. Compl. ¶¶ 105-120). Sunshine therefore made those factual allegations relevant to their claims.

4

ProShred uncovered in discovery does not indicate that Mr. Williams used funds he obtained through personal loans in his name to fund Sunshine.  Moreover, any marginal relevancy that Mr. Williams' personal loans may have to the underlying action is outweighed by the sensitive and private nature of such records.  *Cf. NetJets Aviation*, 2011 WL 768066, at *2; *Solow*, 2008 WL 190240, at **4-5.

Finally, all of the requests are overly broad in that they fail to provide any relevant time period.  In its factual allegations, Sunshine alleges that, on or about June 2007, Mr. Williams met with ProShred representatives to discuss the possibility of obtaining a paper shredding franchise.  (Underlying Am. Compl. ¶¶ 105-116).  After these discussions, Mr. Williams decided to obtain a franchise, which he then assigned to Sunshine.  Sunshine incorporates these allegations by reference in each of the counts of its Complaint.   The period from June 2007, to present (as the Complaint indicates Sunshine is still operating) is therefore relevant to the claims in the underlying action.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion for Protective Order and to Quash Subpoena is **GRANTED in part and DENIED in part**, as follows:

1. All of the requests are modified to be limited to June 2007, to present.
2. Request No. 2 is modified to read "Any and all documents relating to the Proshred franchise Sunshine State Shredding, LLC, from June 2007, to present."
3. Request No. 3 is modified to read:  "Any and all documents, including, but not limited to:  account statements, loan applications, and written or electronic correspondence, kept by TD Bank's branch location at:  3325 W. Hillsboro Boulevard, Deerfield Beach, FL 33442, relating to the Proshred franchise Sunshine State Shredding, LLC, from June 2007, to present."
4. Request No. 5 remains unaltered except to include the relevant time period noted above.  The documents produced in response to this request shall be subject to the Protective

Order in place in the underlying action.

5. Request No. 6 is modified to read: "Any and all Documents related to loan requests made to you by Sunshine State Shredding, LLC, from June 2007, to present."

6. Request No. 7 is modified to read: "Any and all Documents related to loans that you provided to Sunshine State Shredding, LLC, which you rejected since June 2007."

7. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers at Miami, Florida, this 30th day of September 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*